**GLENN WARD CALSADA**
Attorney at Law
9924 Reseda Boulevard
Northridge, California 91324
TEL: (818) 477-0314 • FAX: (818) 473-4277

State Bar Certified Specialist, Bankruptcy Law
SBN 134589

Attorneys for Debtor
ART HOVSEPIAN

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>ART HOVSEPIAN,<br><br>Debtor. | CASE NO.: 2:10-bk-27883-VK<br><br>Ch. 7<br>[Converted from Chapter 13]<br>[Assigned to Hon. Peter H Carroll]<br><br>DEBTOR'S OBJECTIONS TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF REAL PROPERTY; DECLARATION OF GLENN WARD CALASDA<br><br>Date: FEB. 8, 2011<br>Time: 9:30 a.m.<br>Ctrm: 1539<br>255 E. Temple Street<br>Los Angeles, California |

The Debtor, Art Hovsepian, objects to the Chapter 7 Trustee's Motion for Order Approving Sale of Real Property on the following grounds:

I

**<u>BACKGROUND</u>**.

1. On April 15, 2010, Buyers Hamlet Avanesian and Cathy Avanesian submitted a proposed offer to the Debtor offering to purchase the subject property for the total price of $1,265,000. This proposal was a back-up offer in the Debtor's divorce action with his ex-wife Anahid Hovsepian and was $165,000 higher than the proposal submitted by Anahid. (See, Exhibit 1, a true and correct copy of the Avanesian Offer dated April 15, 2010.)

2. On May 5, 2010, the Debtor filed an emergency voluntary petition under Chapter 13 of the

Bankruptcy Code. (See, Exhibit 2, Court Docket, item 1.)

3. On May 19, 2010, the Debtor filed his schedules, statements and a notice of conversion of his case to Chapter 7. (See, Exhibit 2, Court Docket, items 10 and 13.)

4. In Schedule A, Real Property, the Debtor lists his interest in Mixed Commercial Real Property 400 N. Glenoaks Blvd., Burbank, CA 91502-1120 valued at $1,400,000 with a secured claim of $748,000. (See, Exhibit 3, Schedule A.)

5. In Schedule B, other property, the Debtor explains: "Property at 400 N. Glenoaks Blvd., Burbank, CA 91502 court ordered to be sold - Back-up Bidder is Hamlet Avaesian (pending approval $1,265,00." (See, Exhibit 4, Schedule B.)

6. On May 20, 2010, Anahid Hovsepian filed a motion for relief from stay. Attorney Adina Turman declared that that the Debtor refused to sign escrow instructions to allow the sale of the subject property to Kalachi Enterprises, Inc. for the proposed price of $1,100,000.

7. On July 16, 2010, the court modified relief from stay but did not allow the sale to proceed in the divorce action. (See, Exhibit 5, Order filed July 16, 2010.)

8. On August 6, 2010, the Trustee filed an application to employ Mike Talleda as broker for the estate. (See, Exhibit 2, Court Docket, item 33.)

9. On August 12, 2010, the Trustee filed a supplemental declaration to disclose matters not previously disclosed in his original application. (See, Exhibit 6, Trustee's Declaration.)

10. On August 13, 2010, counsel for the Trustee emailed Debtor's counsel stating we were wasting his time and the trustee's time questioning the Broker's qualifications to sell the real property and his undisclosed connections to the Trustee's firm. (See, Exhibit 7, Email correspondence with Ed Wolkowitz.) Earlier that day, Debtor's counsel had expressed the following concern about the Broker:

> "Rosendo and Mr. Wolkowitz
>
> I received the Trustee's amended notice and supplemental declaration regarding the employment of Mike Talleda as broker for the estate.
>
> Several of our concerns are addressed and we appreciate the Trustee's

prompt response. However, our concern about Mr. Talleda remains. Mr. Talleda does not appear to have sufficient experience in commercial sales. His website mentions only residential experience. Pacer shows that Mr. Talleda/Shoreline was employed as the Trustee's broker in only one prior case (LA04-24806TD). In addition, his connections with the Trustee's Firm heighten our concerns. It appears to us that Mr. Talleda handles mainly residential transactions.

The Debtor has an interest is getting the highest price possible as well. We certainly don't want Mr. Talleda to repackage the pre-petition sales proposal, submit that for court approval and then earn a full 5% commission for doing nothing more than replacing the old broker. We assume and expect the subject property will be aggressively marketed during the listing period. Also, we don't want to make what may be an unnecessary objection. Can you provide us more information on Mr. Talleda's background?

Sincerely,

Glenn Ward Calsada, Esq.

Calif. State Bar Certified Specialist, Bankruptcy Law" (See, Exhibit 7.)

11. On August 23, 2010, proposed Buyer's Hamlet Avanesian and Cathy Avanesian, submitted to the proposed Broker an offer for $1,000,000 ***($265,000 less than the offer submitted by the same Buyers in April 2010!)***

12. On October 18, 2010, the court granted the Trustee's application employing Broker Mike Talleda of ShorelineWest Realty.

13. On January 18, 2011, the Trustee filed the instant Motion for Sale of Property under Section 363(b). The proposed Buyer is Hamlet Avanesian and Cathy Avanesian at the adjusted

purchase price of $1,015,000 **($250,000 less than the offer submitted by the same Buyers in April 2010!)**

14. The Debtor has an interest in the purchase price as well. (See Exhibit 7, Claims Register.)

## II

## THE LAW

The Debtor agrees with the Trustee that a Section 363(b) Motion can only be granted if it is determined that a "good business reason" exists to grant the motion. In re Lionel Corp., 722 F.2d 1063, 1071 (2d Cir. 1983). In addition, the court must further find it is in the best interest of the estate. To make this determination, the court should consider whether:

(1) the sale is fair and reasonable;

(2) the property has been given adequate marketing;

(3) the sale is in good faith

(4) adequate notice has been provided to creditors.

In re Wilde Horse Enterprises, Inc., 136 B.R. 830, 841-2 (Bankr. C.D. Cal. 1991); In re The Landing, 156 B.R. 246, 249 (Bankr. E.D. Mo. 1993); In re Mama's Original Foods, Inc., 234 B.R. 500, 502-505 (C.D. Cal. 1999). The Debtor submits the proposed sale of the Property fails to satisfy the first three requirements.

## III

## OBJECTIONS

**1. THE SUBJECT PROPERTY HAS NOT BEEN ADEQUATELY MARKETED**

Mr. Talleda has accomplished nothing, absolutely nothing for the estate. He has made

matters only worse. He clearly lacks the requisite qualifications and ability to market, negotiate and sell the subject property. He has managed to cause the same buyers to reduce their purchase price by $250,000. This is just amazing and is exactly what we feared would happen. This court should reject the proposed sale and require the Broker to do his job.

2. **THE PROPOSED OFFER IS NOT MADE IN GOOD FAITH.**

Two weeks prior to the bankruptcy filing, the same Buyers had offered the Debtor $250,000 more than the proposed sale price. All that happened between April 15, 2010 and August 23, 2010 is the Trustee is now the Seller. There is absolutely no legitimate basis for the court to accept the reduced sale price and, therefore, the proposal should be rejected.

3. **THE TRUSTEE'S MOTION OMITS ANY MENTION OF THE EARLIER OFFERS BECAUSE IT WOULD SHOW THE TERMS ARE NOT FAIR AND REASONABLE**

For unexplained reasons, the Trustee omits any mention of the Buyers' earlier offer in his narrative of the marketing and sale negotiations history. The same Buyers are clearly able to offer a higher purchase price and did so in April 2010. However, the Trustee's motion says nothing about the difference in prices. . More significantly, the Trustee omits any mention of the Kalachi Enterprises, Inc. escrow rejected by the Trustee which could have generated $85,000 more for the estate. Why? The answer is obvious. These facts would show the present sale terms are not fair and reasonable.

4. **THE BROKER IS NOT DESERVING OF HIS FULL 6% COMMISSION**.

For reasons stated above, the court should not award the Broker his full 6% commission for doing nothing more than pocketing a buyer since August to January and pretending to market the property as though he did something. The Debtor gave the Trustee the Buyers in his Schedule B when his schedules were filed. The Debtor has told the Trustee what the Buyers were offering. Somehow, someway, the Broker managed to bid against himself. This is unfair to the Debtor and

unfair to the Estate.

MORE IMPORTANTLY, THE BROKER'S LISTING AGREEMENT STATES THE BROKER WILL BE PAID A 5% COMMISSION! (See, Debtor's Exhibits, p. 46.) Amazingly, the Trustee's Supplemental Declaration was filed to "clarify" this fact. (See, Trustee's Declaration, para. 11 at p. 43 of the Debtor's Exhibits.)

For these reasons, the Debtor objects to the Broker receiving a full 6% commission for a sale to these Buyers.

Dated: January 20, 2011

Law Offices of Glenn Ward Calsada

Glenn Ward Calsada, Esq.
Attorney for Debtor
Art Hovsepian

DECLARATION OF GLENN WARD CALSADA

I, Glenn Ward Calsada, do hereby declare:

1. I am counsel of record for the Debtor Art Hovsepian ("Debtor") in the above-captioned matter. I am competent to testify in a court of law. The following facts are personally known to me. If called upon to testify in open court, I could and would do so truthfully as follows:

2. On April 15, 2010, Buyers Hamlet Avanesian and Cathy Avanesian submitted a proposed offer to the Debtor offering to purchase the subject property for the total price of $1,265,000. This proposal was a back-up offer in the Debtor's divorce action with his ex-wife Anahid Hovsepian and was $165,000 higher than the proposal submitted by Anahid. (See, Exhibit 1, a true and correct copy of the Avanesian Offer dated April 15, 2010.)

3. On May 5, 2010, the Debtor filed an emergency voluntary petition under Chapter 13 of the Bankruptcy Code. (See, Exhibit 2, Court Docket, item 1.)

4. On May 19, 2010, the Debtor filed his schedules, statements and a notice of conversion of his case to Chapter 7. (See, Exhibit 2, Court Docket, items 10 and 13.)

5. In Schedule A, Real Property, the Debtor lists his interest in Mixed Commercial Real Property 400 N. Glenoaks Blvd., Burbank, CA 91502-1120 valued at $1,400,000 with a secured claim of $748,000. (See, Exhibit 3, Schedule A.)

6. In Schedule B, other property, the Debtor explains: "Property at 400 N. Glenoaks Blvd., Burbank, CA 91502 court ordered to be sold - Back-up Bidder is Hamlet Avaesian (pending approval $1,265,00." (See, Exhibit 4, Schedule B.)

7. On May 20, 2010, Anahid Hovsepian filed a motion for relief from stay. Attorney Adina Turman declared that that the Debtor refused to sign escrow instructions to allow the sale of the subject property to Kalachi Enterprises, Inc. for the proposed price of $1,100,000.

8. On July 16, 2010, the court modified relief from stay but did not allow the sale to proceed in the divorce action. (See, Exhibit 5, Order filed July 16, 2010.)

9. On August 6, 2010, the Trustee filed an application to employ Mike Talleda as broker for

the estate. (See, Exhibit 2, Court Docket, item 33.)

10. On August 12, 2010, the Trustee filed a supplemental declaration to disclose matters not previously disclosed in his original application. (See, Exhibit 6, Trustee's Declaration.)

11. On August 13, 2010, counsel for the Trustee emailed Debtor's counsel stating we were wasting his time and the trustee's time questioning the Broker's qualifications to sell the real property and his undisclosed connections to the Trustee's firm. (See, Exhibit 7, Email correspondence with Ed Wolkowitz.) Earlier that day, Debtor's counsel had expressed the following concern about the Broker:

> "Rosendo and Mr. Wolkowitz
>
> I received the Trustee's amended notice and supplemental declaration regarding the employment of Mike Talleda as broker for the estate. Several of our concerns are addressed and we appreciate the Trustee's prompt response. However, our concern about Mr. Talleda remains. Mr. Talleda does not appear to have sufficient experience in commercial sales. His website mentions only residential experience. Pacer shows that Mr. Talleda/Shoreline was employed as the Trustee's broker in only one prior case (LA04-24806TD). In addition, his connections with the Trustee's Firm heighten our concerns. It appears to us that Mr. Talleda handles mainly residential transactions.
>
> The Debtor has an interest is getting the highest price possible as well. We certainly don't want Mr. Talleda to repackage the pre-petition sales proposal, submit that for court approval and then earn a full 5% commission for doing nothing more than replacing the old broker. We assume and expect the subject property will be aggressively marketed during the listing period. Also, we don't want to make what may be an unnecessary objection. Can you provide us

more information on Mr. Talleda's background?

Sincerely,

Glenn Ward Calsada, Esq.

Calif. State Bar Certified Specialist, Bankruptcy Law" (See, Exhibit 7.)

12. On August 23, 2010, proposed Buyer's Hamlet Avanesian and Cathy Avanesian, submitted to the proposed Broker an offer for $1,000,000 ***($265,000 less than the offer submitted by the same Buyers in April 2010!)***

13. On October 18, 2010, the court granted the Trustee's application employing Broker Mike Talleda of ShorelineWest Realty.

14. On January 18, 2011, the Trustee filed the instant Motion for Sale of Property under Section 363(b). The proposed Buyer is Hamlet Avanesian and Cathy Avanesian at the adjusted purchase price of $1,015,000 **($250,000 less than the offer submitted by the same Buyers in April 2010!)**

15. The Debtor has an interest in the purchase price as well. (See Exhibit 7, Claims Register.)

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed in Northridge, California.

1/21/11

Glenn Ward Calsada

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

9924 Reseda Boulevard, Northridge, CA 91423

A true and correct copy of the foregoing document described as ***DEBTOR'S OBJECTIONS TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF REAL PROPERTY; DECLARATION OF GLENN WARD CALSADA*** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On ***1/25/11***, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

- Glenn Ward Calsada glenn@calsadalaw.com
- John-patrick M Fritz jpf@lnbrb.com
- Vincent V Frounjian vvf@pacbell.net
- Rosendo Gonzalez rossgonzalez@earthlink.net
- Rosendo Gonzalez (TR) rgonzalez@ecf.epiqsystems.com, gabgarcia@earthlink.net
- Joe M Lozano notice@NBSDefaultServices.com
- Daren M Schlecter daren@schlecterlaw.com
- Lindsey L Smith lls@lnbrb.com
- United States Trustee (LA) ustpregion16.la.ecf@usdoj.gov
- Leon L Vickman lvickman@pacbell.net
- Edward M Wolkowitz emw@lnbrb.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL ~~OR OVERNIGHT MAIL~~**(indicate method for each person or entity served):
On ***1/25/11***, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, ~~and/or with an overnight mail~~ service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.
Hon. Victoria S. Kaufman, United States Bankruptcy Court, 255 East Temple Street, Ctrm. 1675, Los Angeles, CA 90012
(See attached mailing service list)

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ________, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 1/25/11 | Lafayette Noah Ward | [signature] |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

**II. SERVED BY U.S. MAIL**

Adina T. Turman
Attorney at Law
P.O. Box 50003
Pasadena, California 91115-0003

Chapter 7 Trustee
Rosendo Gonzalez
Gonzalez & Associates
530 S. Hewitt Street, Suite 148
Los Angeles, CA 90013

Edward M. Wolkowitz
Attorney at Law
Levene, Neale, Bender, Rankin & Brill, L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067

U.S. Trustee
United States Trustee (LA)
725 S Figueroa St., 26th Floor
Los Angeles, CA 90017