Daren M. Schlecter, Esq. (SBN 259537)
**Law Office of Daren M. Schlecter, A Prof. Corp.**
1875 Century Park East, Suite 1000
Los Angeles, CA 90067
Telephone (310) 553-5747
Telecopier (310) 553-5487

Attorneys for Alek Hovsepian, Interested Party/Creditor

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**LOS ANGELES DIVISION DIVISION**

| | |
|---|---|
| In re:<br><br>ART HOVSEPIAN<br><br>Debtor. | Case No. 2:10-bk-27883-VK<br><br>Chapter 7<br><br>CREDITOR ALEK HOVSEPIAN'S OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION FOR ORDER APPROVING SALE OF REAL PROPERTY<br><br>[FILED CONCURRENTLY WITH DECLARATIONS OF ALEK HOVSEPIAN AND RON BURKHARDT IN SUPPORT THEREOF]<br><br>Date: February 8, 2011<br>Time: 9:30 a.m.<br>Location: Ctrm 1539<br>255 E. Temple Street<br>Los Angeles, California<br><br>The Honorable Peter Carroll |

Creditor, Alek Hovsepian, hereby objects to the Chapter 7 Trustee's Motion for an Order Approving the Sale of Real Property as follows:

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Alek Hovsepian is a tenant on the Property located at 400 N. Glenoaks Blvd., Burbank, CA 91502 (the "Property"). He has a written and recorded lease (the "Verizon Lease") with the Debtor, who was the landlord of the Property until the conversion of the underlying case from one under Chapter 13 to the instant Chapter 7. The lease, entered into on December 15, 2006, extends to December 14, 2016 with two five year options to extend the lease.

At issue in this Objection are the well established rights that Alek Hovsepian has under the Verizon Lease to be provided adequate protection. Since the filing of the petition Alek Hovsepian has attempted to negotiate the issue of adequate protection with the Trustee. In response, the Trustee has indicated that it would consider invalidating the lease as a fraudulent transfer. Thereafter, counsel for Alek Hovsepian drafted an extensive letter evidencing that an action to invalidate the lease would fail and would be detrimental to the Debtor's estate and/or creditors. As a result, the Trustee has not filed an action to invalidate the lease.

Moreover, while the Trustee believes that an agreement to provide Alek Hovsepian adequate protection could be reached, no substantive arrangements to protect Alek Hovsepian's recorded lease have been reached to date. Moreover, the Buyer's conditioning the sale on Alek Hovsepian having at most a "month to month lease" would not provide Alek Hovsepian adequate protection as required by the Bankruptcy Code. To prevent the costs, delay and detriment that litigation would entail regarding this recorded Verizon Lease, the Trustee and/or Buyer must resolve the Verizon Lease before the Court confirms the sale.

The Court should deny the Trustee's Motion unless such adequate protection is provided before confirmation of the sale in order to best protect the interests of creditors such as Alek Hovsepian and the estate.

/ / /

## II.

## STATEMENT OF FACTS

On or about December 15, 2006, Alek Hovsepian ("Tenant") and Art Hovsepian ("Debtor") entered into a triple net ten year retail store lease for roughly 1,284 sq.ft ending on December 14, 2016 (hereinafter "Verizon Lease"). *See* Declaration of Alek Hovsepian ("Decl. Of Hovsepian") at p. 2 ¶2, Lines 6-7, Exhibit "A". The Verizon Lease contained the lessee's option to extend the lease for two terms of five years. *Id.* at ¶3, Lines 8-9, Exhibit "A." On or about April 21, 2010, the parties recorded the lease with the Los Angeles County Recorder's Office. *Id.* at ¶4, Lines 10-12, Exhibit "B."

On or about May 5, 2010, Debtor filed for bankruptcy protection under Chapter 13 of the Bankruptcy Code, which was subsequently converted to the present chapter bankruptcy. Decl. Of Hovsepian at p. 2, ¶5, Lines 13-14; *See Court's Docket.* Since the conversion to Chapter 7, Tenant has been paying the Trustee rent as required by the Bankruptcy Code. Decl. Of Hovsepian at p. 2, ¶6, Lines 15-16. On or about August 30, 2010, Tenant indicated, through counsel, that he would continue to make monthly rental payments to the Trustee's office. *Id.* at ¶7, Lines 17-18. Moreover, Tenant indicated in writing at that time that he would elect to treat the Verizon Lease as still in effect and would retain possession of the property under 11 U.S.C. §365(h)(1)(A)(ii). *Id.* ¶8, Lines 19-20.

Thereafter, in October, 2010, the Trustee indicated that he was considering invalidation of the Verizon lease as a fraudulent transfer. Decl. Of Hovsepian at p.2 ¶9, Lines 21-22. In response, Tenant provided extensive documentation and evidence that any action to invalidate the lease would fail both in law and fact and would result in harmful litigation, to the detriment of the estate and all creditors. Decl. Of Hovsepian at p. 2 ¶10, Lines 23-26. Since October, 2010, Tenant has received no further indication or communication that the Trustee would seek to invalidate the lease. *Id.* at p. 2, ¶11, Lines 27-28.

/ / /

/ / /

More recently, Tenant, through his attorney, has been in contact with the real estate professionals employed by the Trustee in an effort to resolve the Verizon Lease. Decl. Of Hovsepian at p. 3 ¶12, Lines 1-2. Tenant indicated in response that he would be amenable to a reasonable buyout of his Verizon Lease or some form of adequate protection from the Trustee and/or Buyer that would allow him to maintain the Verizon Lease after any bankruptcy sale of the Property. *Id.* at ¶13, Lines 3-5. Unfortunately, since that time, the parties have been unable to resolve the Verizon Lease to the satisfaction of Tenant. *Id.* at ¶14, Lines 6-7. Then on or about January 15, 2011, as Tenant was given a verbal notification of the sale date of the Property, Tenant, through counsel, filed a proof of claim with the Court for a secured claim in the amount of $400,000.00. Decl. Of Hovsepian at p. 3 ¶15, Lines 8-9, ¶16, Lines 10-11.

On or about April 2006 and continuing through the date the lease was entered thereafter, Alek Hovsepian contributed many thousands of dollars to improvements of the Property, consisting of installing travertine floors, tiles, pipes, vents, roofing, electrical and many other additions that have undoubtedly yielded value to the Property. Decl. Of Hovsepian at p. 3 ¶17(a)-(i), Lines 12-28; p. 4, ¶17(j)-(o), Lines 1-12. Tenant can and will make an offer of proof of these improvements for the Court.

Finally, as evidenced by the attached Declaration of Ron Burkhardt in support of this Objection, the value of the remainder of the lease is worth at least $200,000.00 and represents the reasonable value of the duration of the lease and rejection and mitigation damages associated with breach of the lease. Decl. Of Burkhardt at p. 3 ¶7, Lines 15-16. Two valuation analyses are provided based on whether tenant cash/improvements are amortized over the duration of the lease or taken immediately in the first year. Decl. Of Burkhardt at p. 2-3, Exhibits "D" & "E." The valuation does not include the ostensible options to renew, both for five years under the Verizon Lease nor tenant cash/improvements, or rent increases. *Id.* at p. 2, ¶4, Lines 24-26, p. 3, ¶6, Lines 12-14.

/ / /

/ / /

/ / /

## III.

## LEGAL ANALYSIS

### A. THE PROPOSED SALE SHOULD NOT BE APPROVED UNLESS ALEK HOVSEPIAN IS PROVIDED WITH ADEQUATE PROTECTION OF HIS VERIZON LEASE

1. The Bankruptcy Sale Must Comply with Established Safeguards for Lienholders under the Bankruptcy Code

The Bankruptcy Code provides in pertinent part under 11 U.S.C. §363(e) that:

> (e) Notwithstanding any other provision of this section, at any time, on request of an entity that has an interest in property used, sold, or leased, or proposed to be used, sold, or leased, by the trustee, the court, with or without a hearing, shall prohibit or condition such use, sale, or lease as is necessary *to provide adequate protection of such interest*. 11 U.S.C. §363(e) (emphasis added)

The Bankruptcy Code also provides under 11 U.S.C. §363(f), in relevant part:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if--
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

Bankruptcy case law supports the conclusion that 11 U.S.C. §363(e) provides a series of protections for non-debtor lessee's in the event of a sale of property. *In re Gerwer,* 898 F. 2d 730, 733 (9th Cir. 1990). The holdings of the Ninth Circuit are followed by the other federal circuits. *Precision Industry v. Qualitech Steel SBQ, LLC*, 327 F. 3d 537 (7th Cir. 2003) (holding that a 363 sale may occur free and clear of lessee's possessory interest only where lessee, upon

request, is granted adequate protection for its interest); *Hill v. MKBS Holdings, LLC*, 307 B.R. 821 (Bankr. W.D. Pa. 2004) (3rd Cir.) *In re Dynamic Tooling Sys., Inc.*, 349 B.R. 847 (Bankr. D. Kan. 2006) (6th Cir.); *S. Motor Co. v. Carter-Pritchett-Hodges, Inc.*, 385 B.R. 347 (Bankr. S.D. Fla. 2008).

<u>2. Alek Hovsepian is a Secured Creditor Entitled to Adequate Protection Because He Has a Recorded Lease on the Property</u>

A security agreement means an agreement that creates or provides for a security interest. 11 U.S.C. 101(50). A security interest means a lien created by an agreement. 11 U.S.C. 101(51). A lien is a charge or interest in property to secure payment of a debt or performance of an obligation. 11 U.S.C. 101 (37). Any lien, whether created by contract, statute or judicial process, is a "lien" under the Code. *Matter of Stanford* (5th Cir. 1987) 826 F2d 353, 357. Finally, a secured claim is defined under the Bankruptcy Code as "(a)n allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a *secured* claim to the extent of the value of such creditor's interest in the estate's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim." 11 U.S.C. § 506(a)(1)]

Here, the Verizon lease entered into between Debtor and tenant, Alek Hovsepian creates a lien on the Property by contract because the recorded lease secures the payment of rent payments and the performance of other obligations called for under the lease. As the lease was recorded, the lien creates a secured claim to the extent of the value of Alek Hovsepian's interest in the estate's interest in such property. The filing of the recorded lease with the Los Angeles Recorder's Office perfected Tenant's security interest in the property. Although not required to under applicable bankruptcy procedure, Alek Hovsepian filed a proof of claim as a secured creditor for $400,000.00 in order to protect his interests against the estate. As will be shown further below, Alek Hovsepian has adequate evidence of the reasonable value of his lease.

3. As a Secured Creditor and Tenant of the Property, Alek Hovsepian is Entitled to Either Maintain his Lease in Any Bankruptcy Sale or the Reasonable Value of his Lease

A tenant of a debtor's real property is entitled to adequate protection under 11 U.S.C. §§363(e) and 361. Under 11 U.S.C. §363(f)(5), one prominent method of providing adequate protection under 11 U.S.C. §363(e) occurs where an objecting party to a sale could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest. *See In re Haskell L.P.*, 321 B.R. 1, 6 (Bankr. D. Mass 2005). That Court, and many other courts have recognized that:

> "Adequate Protection may be provided by cash payments, additional or replacement liens, or such other relief as will result in the realization of the indubitable equivalent of such entity's interest in property." *Id.* at 6.

Thus way adequate protection requires that the objecting parties interests "attach" to the proceeds of the sale. *Id.*; *See also In re K-Fabricators, Inc.*, 135 B.R. 654 (Bankr. D. Wash 1992); *See also In re Fred Lawrence Silberkraus*, 253 B.R. 890 (2000); *In re 240 North Brand Partners, Ltd.*, 200 B.R. 653 (9 th Cir. BAP 1996); *In re Arden & Howe Associates, Ltd.*, 152 B.R. 971 (E.D. CA 1993).

Other courts have noted that although adequate protection does not necessarily guarantee a lessee's continued possession of the property, it does demand in the alternative that the lessee be compensated for the value of its leasehold, typically from the proceeds of the sale. *Precision Indus.*, *supra,* 327 F. 3d at 548; *See also In re Murel Holding Corp.*, 75 F. 2d 941, 942 (2d Cir. 1935); *La Jolla Mortgage Fund v. Rancho El Cajon Assocs.*, 18 B.R. 283, 286 (Bankr. S.D. Cal. 1982). Many courts have noted that as long as a tenant timely objects to a bankruptcy sale, they are entitled to adequate protection. *Id.*

a. *Reasonable Value of the Lease*

One option contemplated by the Bankruptcy Code under 11 U.S.C. §363(e) for resolution of the Verizon Lease is to provide Alek Hovsepian monetary compensation and/or a lien attaching the proceeds of the sale. Monetary compensation is the preferred method of adequate protection under applicable Ninth Circuit law. Here, unless the Trustee can come to a reasonable monetary resolution of Alek Hovsepian's Verizon Lease, the bankruptcy sale should not be approved as it would not provide Alek Hovsepian with the type of adequate protection contemplated by 11 U.S.C. §363(f)(5). Here, as evidenced by the Declaration of Ron Burkhardt, a reasonable value for the duration of the Verizon Lease approaches $200,000.00. Moreover, counsel for Alek Hovsepian has filed a proof of claim insuring his secured claim in the amount of $400,000.00 based on an analysis of the value of the duration of the lease, mitigation and rejection damages, attorneys fees and costs, and other anticipated damages arising from the instant bankruptcy sale. Decl. Of Hovsepian at p. 3 ¶15, Lines 8-9, ¶16, Lines 10-11. Any sale of the Property for $1,015,000.00 would not adequately protect Alek Hovsepian for the reasonable value of the Verizon Lease: Alek Hovsepian's lease is worth at least $200,000.00 and along with the other secured claimant, M.S. Hungerford and E.M. Scala for a secured deed of trust on the Property for $753,598.00, they both exceed the sale price offered by the Trustee. Even the funds remaining for the benefit of the Debtor's estate ($129,503.72) would not entirely adequately protect Alek Hovsepian's monetary interest in the duration of the Verizon Lease.

Furthermore, any monetary compensation provided to Alek Hovsepian for the Verizon Lease would not only represent the reasonable value of the remainder of lease, the attorneys fees and costs associated with protecting his rights under the Verizon Lease, or the consequential damages that would result in any bankruptcy sale, but the tangible and intangible benefits that Alek Hovsepian's improvements in the property have yielded in the instant bankruptcy sale. For example, Alek Hovsepian paid many thousands of dollars adding improvements to the Property in anticipation of operating his Verizon store in 2006. Decl. Of Hovsepian at p. 3 ¶17(a)-(i), Lines 12-28; p. 4, ¶17(j)-(o), Lines 1-12. Given that these improvements are not included in the

valuation analysis of the actual lease, the Court should note that the amount requested is more than reasonable. Therefore, Alek Hovsepian respectfully requests that the Court deny approval of the sale until adequate monetary protection of Alek Hovsepian's interest in the Property is provided.

b. *Maintaining the Lease*

Alternatively, given that the current Buyer's offer may not adequate protect Alek Hovsepian's liquidated tenancy interest, Alek Hovsepian requests that the Court consider in the alternative that the Buyer take the Property subject to remainder of the Verizon Lease. Here, the Buyer has required as a condition of purchasing the Property that any tenants, including Alek Hovsepian, have at most a month to month lease after the bankruptcy sale. This would not provide Alek Hovsepian adequate protection of his recorded lease, which does not expire for at least another five years. Any bankruptcy sale must be conditioned on the Buyer taking the property subject to the remainder of the lease or some other reasonable compromise of said lease. Therefore, Alek Hovsepian respectfully requests in the alternative that the Court deny approval of the sale until adequate protection in the form of maintaining his right to remain for the duration of the Verizon Lease is provided, should the Trustee fail to provide adequate monetary protection to the satisfaction of Alek Hovsepian.

4. Alek Hovsepian is Entitled to a Superpriority Claim or the Highest Priority Administrative Claim

A secured creditor is adequately protected under 11 USCS § 363(e) where all collateral has been reduced to cash and Bankruptcy Court maintains all control over disbursements. In re Center Wholesale, Inc., 788 F.2d 541 (9th Cir. Cal. 1986). In that case, the creditor is to be granted superpriority or such equivalent protection as deemed appropriate. *Id.* Alternatively, under section 507(b), administrative claims under section 507(a)(1) that arise from the failure of

adequate protection enjoy priority over every other administrative claim allowable under section 507(a)(1). *In re Sun Runner Marine, Inc.*, 134 B.R. 4, 6 (9th Cir. B.A.P. 1991).

Here, if the Court grants adequate protection, Alek Hovsepian's claim rises to that of a superpriority claim. Alternatively, if Alek Hovsepian is not provided adequate protection, he hereby makes a claim under 11 U.S.C. §507 for priority over every other administrative claim.

5. Alek Hovsepian Does Not Consent to the Bankruptcy Sale on the Terms and Conditions Set Forth

Under 11 U.S.C. §363(f)(2), a bankruptcy sale cannot occur when an objecting creditor does not consent to such sale. *See In re Kenny Kar Leasing, Inc.*, 5 B.R. 304, 307 (C.D. Cal. 1980).

Here, again, for the reasons stated throughout this Objection, the sale cannot proceed as Alek Hovsepian objects to the terms and conditions set forth in the Trustee's Motion for an Order Approving the Sale of Real Property.

6. The Potential Buyer's Intended Use of the Property is Violative of the Burbank City Code

In approving a bankruptcy sale, the Court may also consider the bidder's postsale intentions. *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F. 2d 143, 149 (3d Cir. 1986) (followed by *In re Alpha Industries*, 84 B.R. 703 (Bankr D. Mont. 1988).

Here, the Buyer indicated to Alek Hovsepian that they intended to build a dental practice on the Property. Under the Burbank City Code, applicable to the Property at issue, five (5) parking spots are required for every one thousand square feet. *See* Decl. Of Hovsepian at p. 4, ¶18, Lines 13 to 19, Exhibit "C"; Burbank Municipal Code 10-1-1408(2)(e). Here, the Property has at most eight (parking spaces) and the total Property has roughly 3,490 square feet of space. Thus, the prospective Buyer's post sale intention to operate a dental practice would be violative

of the applicable Burbank City Code with regard to zoning. Consequently, the Court may consider these post-sale intentions in denying the sale to the Buyer.

7. Alek Hovsepian is Also Entitled to Further Damages Resulting from Rejection of his Recorded Lease

Where a debtor in possession or trustee does not expressly assume the lease, the lease is deemed rejected. 11 U.S.C. 365(h); *In re Milstead,* 197 B.R. 33, 35-6 (Bankr. E.D. Va. 1996) Lessee can retain rights under the lease. *See In re Fred Lawrence Silberkraus*, 253 B.R. 890, 908 (Bankr. C.D. Cal. 2000) (affirmed by *Dressler v. Seeley Co.*,336 F. 3d 864 (9th Cir. Cal. 2003); *Upland/Euclid, Ltd. V. Grace Rest Co.*, 56 B.R. 250 (B.A.P. 9th Cir. 1985) (holding that Section 365(h) recognizes that the non-debtor lessee has an "estate" in the real property even after rejection of the lease) Under the Bankruptcy Code the lease is not terminated if the tenant elects to remain in possession of the property for the balance of the current term and exercise any right to extension or renewal. *Id.*; *In re Arden & Howe Assoc., Ltd.,* 152 B.R. 971 (Bankr. E.D. Cal. 1993). As a cumulative remedy to those under 11 U.S.C. §363(e), any damages caused by the debtor's failure to perform under the lease may be offset by the tenant against the rent. 11 U.S.C. §365(h)(1)(B).

Here, when the Debtor failed to expressly assume the lease within the period required under 11 U.S.C. §365, the lease was deemed rejected, but not terminated. As previously stated, Tenant Alek Hovsepian has been making regularly payments to the Trustee. Decl. Of Hovsepian at p. 2, ¶6-8, Lines 15-20. Tenant reserves the right to amend the filed proof of claim for any and all rejection damages under 11 U.S.C. §365(h).

## B. THE PROPOSED SALE WOULD NOT BE IN THE BEST INTERESTS OF THE CREDITORS OR THE ESTATE

Any bankruptcy sale must be in the best interests of the creditors and the estate. *See In re*

*Ewell*, 958 F. 2d 276 ( 9th Cir. 1992); *In re American Development Corporation*, 95 B.R. 735, 739 (Bankr. C.D. Cal. 1989); *In re Charlesbank Laundry Co.*, 37 B.R. 20, 22 (Bankr. D. Mass. 1983). Price is the most important consideration that a court reviews to determine whether a sale is in the best interests of the creditors and the estate. *In re Trilling & Montague*, 140 F. Supp. 260, 260-261 (E.D. Pa. 1956). Additionally, courts have also examined whether a sale will resolve difficult litigation, eliminate risk of delay and costs of operating the property, and resolve title disputes. *In re Oceanside Properties, Inc.* 14 B.R. 95, 102 (Bankr. D. Haw. 1981)

Here, in addition to the reasons stated in this Objection, Alek Hovsepian is aware of concurrently filed objections to the instant bankruptcy sale indicating that higher priced offers, which would yield a greater return to the estate and therefore creditors, have been made to the Trustee. Resolution of Alek Hovsepian's lien on the Property through adequate monetary compensation would also prevent the difficult litigation that would most assuredly result, eliminate the risk of delay and other costs, and finally resolve possible title disputes. Therefore, Alek Hovsepian contends that the sale price is indicative that the sale is not in the best interests of creditors and/or the estate.

## IV.

## CONCLUSION

For the foregoing reasons, Alek Hovsepian respectfully requests that the Court deny the Trustee's Motion Approving the Sale of the Property unless Alek Hovsepian is provided adequate protection of his secured interest in the Property by providing him reasonable value for the Verizon Lease. Alternatively, Alek Hovsepian requests that the Court condition the sale on maintaining the Verizon Lease through the end of the period stated in the original lease.

Dated: January 24, 2011

LAW OFFICE OF DAREN M. SCHLECTER

By: ______________________
DAREN M. SCHLECTER
Attorney for Alek Hovsepian, Interested Party/Creditor

| In re: **ART HOVSEPIAN** Debtor(s). | CHAPTER: **7** CASE NUMBER: 2:10-BK-27883-VK |
|---|---|

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: **1875 CENTURY PARK EAST, SUITE 1000, LOS ANGELES, CA 90067**

A true and correct copy of the foregoing document described as **CREDITOR ALEK HOVSEPIAN'S OBJECTION TO CHAPTER 7 TRUSTEE'S MOTION FOR AN ORDER APPROVING SALE OF REAL PROPERTY; DECLARATIONS OF ALEK HOVSEPIAN AND RON BURKHARDT IN SUPPORT THEREOF; EXHIBITS IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 25, 2011**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

| | |
|---|---|
| **Glenn Ward Calsada** | **glenn@calsadalaw.com** |
| **John-Patrick M. Fritz** | **jpf@lnbrb.com** |
| **Vincent V. Frounjian** | **vvf@pacbell.net** |
| **Rosendo Gonzalez** | **rossgonzalez@earthlink.net; rgonzalez@ecf.epiqsystems.com, gabgarcia@earthlink.net** |
| **Joe Lozano** | **notice@NBSDefaultServices.com** |
| **Daren M Schlecter** | **daren@schlecterlaw.com** |
| **Lindsey Smith** | **lls@lnbrb.com** |
| **United States Trustee** | **ustpregion16.la.ecf@usdoj.gov** |
| **Leon L Vickman** | **lvickman@pacbell.net** |
| **Edward M Wolkowitz** | **emw@lnbrb.com** |

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On **January 25, 2011**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

**Hon. Victoria S. Kaufman**
**United States Bankruptcy Court**
**255 East Temple St., Courtroom 1675**
**Los Angeles, CA 90012**

**Hon. Peter Carroll**
**United States Bankruptcy Court**
**255 East Temple St., Courtroom 1539**
**Los Angeles, CA 90012**

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on ____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| **January 25, 2011** | **/s/ Daren M. Schlecter** | **/s/ Daren M. Schlecter** |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

| In re: ART HOVSEPIAN Debtor(s). | CHAPTER **7**<br>CASE NUMBER 2:10-BK-27883-VK |
|---|---|

**ADDITIONAL PARTIES SERVED:**

**Rosendo Gonzalez**
**Gonzalez & Associates**
**530 S. Hewitt Street, Suite 148**
**Los Angeles, CA 90013**

**Edward M Wolkowitz**
**Levene Neale Bender Rankin & Brill LLP**
**10250 Constellation Blvd Ste 1700**
**Los Angeles, CA 90067**

**United States Trustee**
**725 S Figueroa St., 26th Floor**
**Los Angeles, CA 90017**



Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - bestcase.com Best Case Bankruptcy